IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RALPH RICHARD BERTELSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-cv-04077-SLD-JEH |
| | ) |
| MONSANTO COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Based on the forum selection clause in the parties' agreement, Defendant Monsanto Company ("Monsanto") moves to dismiss Plaintiff Ralph Bertelsen's complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or to transfer the case pursuant to 28 U.S.C. § 1404(a). Def.'s Mot. Dismiss/Transfer, ECF No. 14. Recently, the Supreme Court held that the latter, and not the former, is the proper vehicle to enforce a forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. Tex.*, 134 S. Ct. 568, 575 (2013) ("We reject petitioner's argument that such a clause may be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure. Instead, a forum-selection clause may be enforced by a motion to transfer under § 1404(a)."). Therefore, the Motion to Dismiss is DENIED. For the reasons set forth below, the Motion to Transfer is GRANTED.

## BACKGROUND

Bertelsen alleges that he purchased Monsanto corn seed in December, 2010—specifically, YieldGard VT Triple corn seed. Compl. 5, ECF No. 1; *see also* Pl.'s Resp. to Mot. Dismiss 4, Ex. B, ECF No. 17. He planted the seed in 2011 and treated it with Monsanto's Roundup herbicide,

1

which Monsanto seed is engineered to resist. Compl. 5, ECF No. 1. Bertelsen claims to have lost a portion of his corn crop because it had a glyphosate sensitivity problem—in other words, the corn grown from the YieldGard VT Triple seed did not resist the herbicide. *Id.* at 5–7.

Monsanto sells, and allows other companies to sell, its patented seeds to growers who agree to a special licensing agreement, the Monsanto Technology/Stewardship Agreement ("MTSA"). Def.'s Mot. Dismiss/Transfer 2, ECF No. 14. The agreement contains a forum selection clause. Def's Mot. Dismiss/Transfer Ex. A at 1, ECF No. 14-1. In the 2003 version of the MTSA, which Bertelsen signed, the forum selection clause states:

> **FORUM SELECTION FOR NON-COTTON-RELATED CLAIMS MADE BY GROWER AND ALL OTHER CLAIMS.** THE PARTIES CONSENT TO THE SOLE AND EXCLUSIVE JURISDICTION AND VENUE OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION, AND THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, MISSOURI, (any lawsuit must be filed in St. Louis, MO) FOR ALL CLAIMS AND DISPUTES ARISING OUT OF OR CONNECTED IN ANY WAY WITH THIS AGREEMENT AND THE USE OF THE SEED OR THE MONSANTO TECHNOLOGIES EXCEPT FOR COTTON-RELATED CLAIMS MADE BY GROWER.

The forum selection clause contained in the 2010 version of the MTSA does not differ from the foregoing language in any material respect. *See* Pl.'s Resp. to Mot. Dismiss 4, Ex. F, ECF No. 17; *see also* Reply in Supp. Mot. Dismiss Ex. 2, ECF No. 19. Under the heading "GENERAL TERMS," the 2003 MTSA also states in relevant part, "This Agreement will remain in effect until either you or Monsanto choose to terminate the Agreement." Def's Mot. Dismiss/Transfer Ex. A at 2, ECF No. 14-1.

## DISCUSSION

### I. Validity of the Forum-Selection Clause

When a party seeks transfer under 28 U.S.C. § 1404(a) pursuant to a forum-selection clause, federal law governs the question of the clause's validity. S*ee IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 608 (7th Cir. 2006). "[F]ederal courts are friendly to the use of forum selection clauses to determine which federal district court shall host a case," *id.*, and such clauses are presumed valid and enforceable unless the resisting party can show that:

> "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) its enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision."

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (internal citations and quotations omitted). Bertelsen has not argued, and there is no evidence in the record to suggest, that any of those conditions are present here. Therefore, the clause is presumed valid and enforceable, if it applies to this suit.

Bertelsen argues that this dispute is not governed by either the 2003 or 2010 MTSAs or their respective forum selection clauses. Bertelsen states that the clause in the 2010 MTSA does not apply because he never agreed to it. Pl.'s Resp. to Mot. Dismiss 1, ECF No. 17 ("I did not sign or agree to a 2010 MSTA [sic]."). The Court finds it unnecessary to decide whether Bertelsen agreed to the terms of the 2010 MTSA for two reasons. First, as explained below, the Court finds that the 2003 forum selection clause is broad enough in scope to apply to this suit. Second, the forum selection clause contained in the 2010 version of the MTSA is identical in all material respects to the 2003 version, so the Court need not determine which MTSA will ultimately govern Bertelsen's particular

3

cause of action. That question is more appropriately left to the transferee court because it goes to the case's merits.

The remaining question, then, is whether the presumptively valid and enforceable forum selection clause in the 2003 MTSA applies to this suit. Bertelsen raises two issues on this point: (1) whether the 2003 MTSA is "expired," and (2) whether this dispute falls within the scope of the 2003 forum selection clause. *See* Pl.'s Resp. to Mot. Dismiss 1, ECF No. 17.

Bertelsen's argument that the 2003 MTSA has "expired" fails according to the terms of the agreement.[1] The 2003 MTSA provides that "[t]his Agreement will remain in effect until either you or Monsanto choose to terminate the Agreement." Neither party argues that the 2003 MTSA was ever terminated; Bertelsen simply argues that the 2003 MTSA does not cover the newer seeds at issue here. The Court therefore finds that the 2003 MTSA is still in effect.

As to the second issue, the scope of the forum selection clause is very broad. It not only covers claims and disputes "arising out of" the 2003 MTSA, it extends to those "connected in any way" with the agreement. Monsanto asserts, and has provided an affidavit in support of the assertion from its Director of Stewardship, that Bertelsen would not have been able to buy the 2010 seed absent the 2003 MTSA. Reply in Supp. Mot. Dismiss, Ex. 1, ECF No. 19. Therefore, Bertelsen's claims are "connected in a[] way" with the 2003 MTSA, and fall within its scope. Consequently, the Court concludes that the forum selection clause in the 2003 MTSA is presumed valid and

---

[1] It is unnecessary for the Court to consider the MTSA's choice of law provision in order to conduct this analysis; in both Missouri and Illinois, the plain language of the contract controls. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 859–60 (Mo. 2006) ("The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning. . . . If the language of a contract is unambiguous, the intent of the parties will be gathered solely from the terms in the contract."); *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011) ("A court will first look to the language of the contract itself to determine the parties' intent. . . . If the words in the contract are clear and unambiguous, they must be given their plain, ordinary and popular meaning.").

enforceable for purposes of this motion to transfer, and that Bertelsen has not overcome that presumption.

**II. Transfer Under § 1404(a) in Light of a Valid Forum-Selection Clause**

Usually, when assessing a motion to transfer under § 1404(a), a district court must decide whether the transfer would serve the convenience of parties and witnesses, and otherwise promote the interest of justice, based on its evaluation of a variety of factors. But, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr.*, 134 S. Ct. at 583. Therefore, when a motion to transfer under § 1404(a) is made in light of a valid forum-selection clause, the clause "should be given controlling weight in all but the most exceptional cases." *Id.* at 581 (quoting *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Only public-interest factors—such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law"—should be considered, and "those factors will rarely defeat a transfer motion." *Id.* at 581 n.6, 582. "[T]he party acting in violation of the forum selection clause . . . must bear the burden of showing that public interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

Here, Bertelsen did not argue—and nothing else before the Court suggests—that the public-interest factors overwhelmingly disfavor a transfer. Therefore, the Court gives the forum-selection clause controlling weight, and concludes that this action should be transferred to the Eastern District of Missouri.

5

## CONCLUSION

Defendant's ECF No. 14 is DENIED as to the Motion to Dismiss, and GRANTED as to the Motion to Transfer. The Clerk is directed to TRANSFER this matter to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).

Entered this 24th day of March, 2014.

                                                                                      s/ Sara Darrow
                                                                                SARA DARROW
                                                     UNITED STATES DISTRICT JUDGE