UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH RICHARD BERTELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-659 JAR |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Monsanto Company's Motion to Dismiss. (Doc. No. 26) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

### **Background**

Plaintiff Ralph Bertelsen, proceeding pro se, brings this action against Defendant Monsanto Company for a less-than-expected yield from his 2011 corn crop. The case was originally filed in the Central District of Illinois and transferred to this Court pursuant to 28 U.S.C. § 1404(a) on March 24, 2014. (Doc. No. 20) Plaintiff describes his claim as follows:

> I purchased Channel Bio 213-32VT3 seed corn in good faith expecting to receive quality seed from a company who supports their products. Instead I received a faulty product from a company whom [sic] clearly accepted liability and refused to compensate me for my loss.

(Complaint, Doc. No. 1 at 7) Specifically, Plaintiff alleges that in December 2010, he bought 190 bags of Channel Bio 213-32VT3 Round Up ready seed corn, which he planted on 462.5 acres with another corn variety, DeKalb DKC 63-84-VTB, as a border. Over a one-month period, from mid-May to mid-June 2011, 391.7 of those corn acres were sprayed by Inness Farm Supply with

Touchdown, a glyphosate-based herbicide. In June 2011, a different custom applicator, Crop Production Services, sprayed another glyphosate-based herbicide, Roundup Weather Max, on 71 of those corn acres. Plaintiff alleges that the "day after application,"[1] his Channel Bio corn plants "rolled tightly showing sensitivity to Roundup."

Plaintiff further alleges that *after* this planting and spraying, a Channel Bio representative told him that the variety of Channel Bio corn seed he bought has a "normal" sensitivity to glyphosate herbicides of "2% to 5%," but that his Channel Bio corn was "considerably worse" than normal. According to Plaintiff, he was assured by Channel representatives that he would be appropriately compensated at harvest when actual field checks could be completed. By comparing his alleged DeKalb corn yield to his alleged Channel Bio corn yield, Plaintiff derives an alleged yield difference of 72 bushels per acre. He then multiplies the alleged 72 bushel "yield loss" across the entire 462.5 acres to calculate his "damages" based on a 2011 corn price. (Compl. at 6) Plaintiff further alleges, without any explanation, that "[i]n addition to corn loss I had to roll 22,800 bushel of undelivered 2011 corn to 2012 fall season" for a "current loss" based on fall 2012 corn pricing. (Id. at 7)

Monsanto moves to dismiss Plaintiff's complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure for failing to assert a short and plain statement showing he is entitled to relief and for failing to plead the essential elements of any cause of action.

**Legal standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(b)(6) provides for a motion to

---

[1] The Complaint does not specify which professional spray application – the Touchdown application to the 391.7 acres or the Roundup Ready Weather Max application to the 71 acres – showed "sensitivity."

dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Further, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (internal quotation omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less

stringent standards than those drafted by an attorney. Nickless v. Saint Gobain Containers, 2012 WL 1414849, at *4 (E.D.Mo. Apr. 24, 2012) (citing Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir.1994)). See also Russell v. City of Overland Police Dept., 838 F.Supp. 1350 (E.D. Mo. 1993). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Nickless, 2012 WL 1414849, at *4 (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir.2004)). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Id. (citing Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir.2002)).

**Discussion**

Although unclear from the Complaint, Monsanto surmises that Plaintiff is attempting to state claims for breach of warranty and/or breach of contract. (Doc. No. 27 at 5) To state a claim for breach of warranty under Missouri law, a plaintiff must plead: "(1) there was a sale of goods; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion." Stefl v. Medtronic, Inc., 916 S.W.2d 879, 882 (Mo. Ct. App. 1996) (citing Carpenter v. Chrysler Corp., 853 S.W.2d 346, 357 (Mo. Ct. App. 1993)).

Here, Plaintiff alleges that after he bought, planted, and sprayed his 2011 corn crop, a Channel Bio representative told him that Channel Bio 213-32VT3 has a normal sensitivity of 2-5%, and that his corn crop was worse than 2-5%. Plaintiff does not contend that Channel Bio or Monsanto made any statement about potential yields for any of its crop seed, levels of

- 4 -

"sensitivity," or performance of that seed variety as compared to any other varieties *before* his 2010 purchase of corn seed. Nor does he allege that any such statement induced him to buy that variety in the first place. Because Monsanto did not make any representations or warranties about potential yields for any of its crop seed, Plaintiff's Complaint fails to state a claim for breach of warranty under Missouri law. In addition, Monsanto asserts that Plaintiff bought the corn seed at issue through his 2003 Monsanto Technology/Stewardship Agreement ("MTSA").[2] (Doc. No. 27 at 6) Under the MTSA, Monsanto specifically disclaimed warranties, whether oral or written, express or implied, as well as all representations, warranties, recommendations, and responsibility for products made by other companies, like Touchdown, and used on Roundup Ready crops. (See, MTSA, Doc. No. 14-1)

Monsanto further argues that Plaintiff has not identified any contract or the terms of any contract (including the MTSA) that he claims Monsanto breached. (Doc. No. 27 at 7) Under Missouri law, a breach of contract action requires a plaintiff to allege "(1) the existence and terms of a valid and enforceable contract between the plaintiff and defendant; (2) the rights of the plaintiff and the obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff due to the breach." Reitz v. Nationstar Mortgage, LLC, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013) (citations omitted).

Plaintiff responds that he filed this action because an agent of Monsanto "assumed all responsibility and entered into a verbal contract, that the difference in yield between Channel-Bio 213-32VT3 and a border DeKalb 61-16 would be paid in the fall when harvested," and that "[t[]his expectation never occurred causing other damages." (Doc. No. 29 at 1)

---

[2] The Court notes that in its Order of Transfer, the District Court for the Central District of Illinois found the 2003 MTSA remains in effect. (Doc. No. 20 at 4)

Monsanto replies that Plaintiff's new assertions still do not satisfy the required pleading elements, which are the same for both oral and written contracts. (Doc. No. 30 at 3) The Complaint merely states: "I was assured numerous times they accepted fault and would be compensated appropriately at harvest when actual field checks could be completed." (Compl., at 6) Plaintiff fails to plead the existence of an offer and acceptance, legal consideration and sufficient specification of the essential terms of the purported oral agreement.

Even accepting Plaintiff's allegations as true, and construing the Complaint in his favor, it remains unclear to the Court whether Plaintiff's claim for a less-than-expected yield is based on a written contract or a verbal agreement. In any case, Plaintiff has failed to plead the essential elements of any cause of action against Monsanto. Because it is unclear where a new claim would be filed, this matter will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Monsanto Company's Motion to Dismiss [26] is **GRANTED** and this case is dismissed without prejudice.

Dated this 8th day of December, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE